TOWN OF NEWPORT v. TOWN OF DERBY.

Under the Revised Statutes of this state an illegitimate child does not follow the settlement of the mother derived by marriage after the birth of the child. There is no difference, in this respect, between the Revised Statutes and the statute of 1817.

APPEAL from an order of removal of a pauper, from Newport to Derby, made by two justices of the peace, pursuant to the statute. The facts were agreed to be as follows.

The pauper, John Knox, at the time the order was made, was fourteen years of age, and an illegitimate child. He came to Newport with his mother, some years previously, from the state of Maine, and neither he nor his mother had any settlement in this state previous to that time. The mother married one Luther Agen, who had a settlement at the time in Derby and has ever since retained it. The pauper resided in Newport from the time he came into the state with his mother, until the order of removal was made. His mother has resided with Agen, in Derby, since their marriage.

Upon these facts the county court, June Term, 1849,—POLAND, J., presiding,—adjudged, that the pauper was unduly removed. Exceptions by plaintiffs.

*H. F. Prentiss* for plaintiffs.

The pauper's mother, by her marriage with Agen, gained a settlement in Derby. Rev. St. 99, sec. 1. And it would seem, from the same authority, that the pauper, being an illegitimate child, follows and has the same settlement,—the statute being, that " illegiti-

VOL. XXII.        70

mate children shall follow and have the settlement of their mother." There is a marked difference between this case and that of *Burlington* v. *Essex*, 19 Vt. 91. In that case the pauper had a settlement by birth, under the common law, and it was held, that the statute of 1817, being in its terms wholly prospective, could not have a retrospective effect and change a settlement acquired previous to the enactment of that statute.

*J. L. Edwards* for defendant.

The construction of the statute,—Rev. St., c 15, § 1,—is determined by the case of *Burlington* v. *Essex*. The settlement must be acquired by the mother *in her own right*, in order to transmit it to the children. *Manchester* v. *Springfield*, 15 Vt. 385. Legitimate children do not follow their mother's derivative settlement; *Wells* v. *Westhaven*, 5 Vt. 322; and there can be no distinction, in this respect, between legitimate and illegitimate children.

The opinion of the court was delivered by

REDFIELD, J. The only question in the present case is, whether an illegitimate child, under the Revised Statutes, takes the settlement of the mother, derived from her husband, after the birth of such child. This point was expressly decided by this court in *Burlington* v. *Essex*, 19 Vt. 91, so far as the statute of 1817 is concerned. That statute was precisely like the present, so far as this point is concerned, with the change of a single word, which, we think, is not important. In the statute of 1817 the expression is, "shall have the settlement of the mother," and in the Revised Statutes the expression is, "shall *follow* and have." We do not think any difference in construction could be based upon any such difference in the terms used. It is said, a different construction of a similar statute obtains in some of the states. See *Plymouth* v. *Freetown*, 1 Pick. 197; *Canajoharie* v. *Johnstown*, 17 Johns. 41˙; *Petersham* v. *Dana*, 12 Mass. 429. But this point was decided in this court as early as 1836, in the county of Addison, in a case not reported, and in accordance with what we understand to be the rule, as to legitimate children, having a settlement in the right of the mother, in England, if the mother obtain a new settlement by marriage. Judgment affirmed.